### James D. Hurst v. Hamlin D. Sawyer.

1. Judgment — *Appeal From* — *Effect of.* Under the Indiana rule, which was adopted here by the adoption of the Indiana code by the legislature, it is held that, in cases which arose before the change to the Kansas practice, an appeal to the supreme court did not suspend the binding force of the judgment upon the parties, and that the judgment was not rendered incompetent to be offered in evidence because an appeal was pending in the supreme court; and this court will not reverse the judgment in a case where the judgment appealed from was offered in evidence, because the judgment so offered was thereafter reversed by this court.

2. Assignment of Error. An assignment of error, which is not relied upon in the brief of counsel for a reversal of the case, will not be considered by this court; nor will this court review a question partially discussed when counsel, in closing his brief, chooses to abandon it and rely entirely upon another proposition, and when counsel on the other side have relied upon such withdrawal.

*Error from the District Court of Canadian County.*

*R. B. Forest,* for plaintiff in error.

*John I. Dille* and *John Schmook, Jr.,* for defendant in error.

The opinion of the court was delivered by

Bierer, J.: The record in this case is a very unsatisfactory one, because none of the dates of the filing of the various pleadings are given; but we are able to gather from the records and the briefs that, some time

during the summer of 1893, and while the Indiana code of civil procedure was still in force in this territory, the defendant in error brought his action in the district court of Canadian county against James D. Hurst to recover the possession of all the wheat and oats grown on the northwest quarter of section thirty-six, township twelve, north of range five east, in Canadian county, of the value of $150; and on the trial of the case on December 30, 1893, judgment was rendered in favor of the plaintiff for the recovery of the wheat and oats, or the value thereof, as charged in the complaint.

On the trial of the case the plaintiff below offered in evidence the judgment of the district court of Canadian county, rendered on the 1st day of May, 1893, in which the plaintiff was found to be entitled to the immediate possession of the premises there in controversy, which are the same as those upon which the wheat and oats involved in this case were raised and were situated at the time this action was brought, they having been at that time cut and shocked by the defendant, Hurst, and in which the plaintiff recovered judgment from the defendant, Hurst, for the immediate possession of the real estate in question. The defendant objected to the introduction of this judgment in evidence on the ground that the case in which it was rendered was then pending in the supreme court on appeal, but the objection was overruled, and he now assigns this ruling as error, and particularly insists that this judgment should be reversed, because the judgment which was offered in evidence has since been reversed by this court. ( *Hurst v. Sawyer*, 2 Okla. Rep. 470; 37 Pac. 817.) The plaintiff in error claims that, pending his appeal in the former case to the supreme court, the judgment could not be offered in evidence against him as an estoppel to show that the plaintiff had been, by the judgment of the court, decreed the possession of the premises on which these

crops were raised, and he cites very high authorities in support of his proposition, including § 328 of Freeman on Judgments, where he says:

"In perhaps a majority of the states the perfecting of an appeal suspends the operation of a judgment as an estoppel, and renders it no longer admissible as evidence in any controversy between the parties."

And we are willing to concede that this would seem to be the more reasonable and fairer rule, for otherwise a party may he deprived of much of the benefit of his appeal in case he procures a reversal of the judgment below, or may be put to the necessity of additional litigation in order to have the full and complete protection of his rights. But it will be observed that while Mr. Freeman states the majority rule as he does, he also in the same section states the contrary rule as existing in many of the states, to the effect that the judgment is competent evidence to be admitted, where proper, in other proceedings until it is reversed on appeal, and that its binding effect and operation on the parties is not suspended because of the appeal therefrom, although the execution thereof may be stayed, and he cites the Indiana decisions as supporting the latter rule, as they clearly do.

The supreme court of Indiana announced the rule of that state in the leading case of *Nill v. Camparet*, 16 Ind. 107, as follows:

"The only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, is binding upon the parties, as to every question directly decided." (*Cole v. Connolly*, 16 Ala. 271.) And it has been expressly decided that "It is no bar to an action upon a judgment, that the judgment has been removed by writ of error to a superior court."

And this case is followed throughout the Indiana

decisions, and the rule was firmly fixed in that state at the time our legislature adopted the Indiana code. (*Burton v. Reeds*, 20 Ind. 87; *Burton v. Burton*, 28 Ind. 342; *Mull v. McKnight*, 67 Ind. 525; *Buchanan v. Railway Co.*, 71 Ind. 265; *Scheible v. Slagle*, 89 Ind. 323; *Padgett v. The State*, 93 Ind. 396; *State v. Krug*, 94 Ind. 366; *Central Union Telephone Co. v. Board of Commissioners of Tippecanoe County*, 10 N. E. 922.)

The legislature of this territory, having adopted the Indiana statute with its construction placed upon it, it is a rule of law for this territory, and it is not left to us to choose another, although we might think it better, and although it might be supported by the weight of authority.

However, in support of the Indiana rule, it is pertinently suggested that the hardships and vexatious complications that result from being precluded by a judgment which is afterwards reversed on appeal, may easily be avoided by a continuance of the subsequent case until the appeal is disposed of; but no application for a continuance was made in this case.

Nor can we reverse the judgment of the court below on account of its having admitted in evidence the record of the judgment which was competent when offered, because it has since been reversed. That matter is not a ground of error for which the plaintiff in error may complain here, for if the judgment was properly admitted and offered, its subsequent reversal did not make this action of the court erroneous. Upon this subject the supreme court of New York, in *Parkhurst v. Berdell*, 110 N. Y. 386, says:

"If the judgment roll was competent evidence when received, its reception was not rendered erroneous by the subsequent reversal of the judgment. Notwithstanding its reversal, it continued in this action to have the same effect to which it was entitled when received in evidence. The only relief a party against

whom a judgment which has been subsequently reversed has thus been received in evidence can have is to move on that fact in the court of original jurisdiction for a new trial."

The plaintiff in error's remedy for a release from the operation of the erroneous judgment, after its reversal, so far as it affected the case at bar, was not an appeal to this court.

The only evidence offered by plaintiff in error in support of his right to recover the crop of wheat and oats standing in shock upon the land, was the judgment entered in the ejectment suit on May 1, 1893. The plaintiff here assigns the action of the court in rendering judgment upon this evidence as erroneous, and contends that the judgment in the ejectment suit would not entitle Sawyer to recover the crops of grain which had been harvested before the defendant was ejected by the execution of the judgment. This is a very nice question, and one upon which very high authority might be cited on both sides of the proposition, but we do not pass upon it here, because counsel, in the latter part of his brief, has withdrawn the matter from the consideration of this court, in the following language:

"The extent of this judgment (referring to the judgment in the ejectment suit) had escaped attention until the point which it was intended to here make had been reached. It is useless to argue the rights of Hurst as an adverse possessor, when the judgment had declared him a trespasser. I must, therefore, leave the force of the argument to apply upon the first point developed, viz: the error of the court in admitting the judgment and treating it, pending the appeal, as an estoppel."

Counsel for defendant in error, in their brief, treated the assignment of error on this point as withdrawn, as they had a right to do, and where assignments of error are not relied upon by counsel in their brief,

they will not be considered by this court. (*Gardenhire v. Gardenhire*, 2 Okla. Rep. 484; 37 Pac. 813.) Counsel for plaintiff in error, having withdrawn the latter assignment from our consideration, we will not consider it.

The judgment of the court below is affirmed.

Burford, J., not sitting; all the other Justices concurring.