## GROVE H. HUNTLEY V. THE TERRITORY OF OKLAHOMA.

(Filed July 30, 1898.)

1. JURY—*Mode of Obtaining —Challenge to Array.* In general, the provisions of a statute in regard to the mode of obtaining juries are directory, and a substantial compliance with the requirements of the law is sufficient. The supreme court will not reverse a ruling of a district court overruling a challenge to the array upon objections to the manner in which the list of persons from which the panel was selected was made up when such objections are purely technical, and do not affect the substantial rights of the parties.

2. JURY—*Qualification of.* The formation and expression of an opinion are not alone the test of a juror's competency, but the nature of the opinion may be inquired into, and, if found to be only a transitory inclination of the mind, based upon rumor, newspaper statement, general notoriety, etc., the truth of which the juror does not inquire into nor judge, it is not a disqualifying opinion. To work a disqualification, there must be an abiding bias of the mind, caused by substantial facts in the case, in the existence of which the juror believes—an opinion, upon the merits of the case, upon the guilt or innocence of the accused of the charge laid in the indictment, upon the evidence substantially as expected to be presented on trial.

3. SAME —*Challenge for Cause —Error.* Upon a challenge of a juror for actual bias, the question presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence. The issue to be determined by the court is the existence of a state of mind on the part of the juror in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that the juror cannot try the issue impartially and without prejudice to the substantial rights of the party challenging. The finding of the trial court upon that issue will not be set aside by a reviewing court unless error is manifest. To authorize the appellate court to reverse the ruling of the trial court, it should be made clearly to appear that upon the evidence the court ought to have found that the juror had formed such an opinion that he could not in law be deemed impartial.

4. WITNESS—*Impeachment of.* Where the defendant, for the purpose of impeaching a witness by showing contradictory testimony given by the witness upon a former trial of the case, offers in evidence extracts from the witness' former testimony, reading the same from the official transcript, it is not error for the court to permit the prosecution to read to the jury from said transcript all the testi-

mony of said witness in relation to the facts involved in the alleged contradiction, for the purpose or rebutting such attempted impeachment

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*Bridges & Scothorn, R. J. Hill, W. B. Herod* and *G. W. Buckner,* for plaintiff in error.

*H. S. Cunningham, Attorney General,* for defendant in error.

Grove H. Huntley was convicted of crime and brings error. Affirmed.

Opinion of the court by

TARSNEY, J.: The qualifications and competency of persons to serve as jurors are defined and determined by section 1, ch. 45, Statutes 1893; and such competency and qualifications are not determined by or dependent upon the doing or omission to do something prescribed in the provisions of the statute regarding selecting, summoning and impaneling of the jury. The provisions in relation to, and specifying the manner of, selecting jurors are directory merely. Statutory regulations for selecting and drawing jurors are not made solely for the benefit of the parties to trials by jury, or for the purpose of securing such parties an impartial array of jurors, from which the jury to try the cause may be taken, but such regulations are made for the purpose of securing an impartial distribution among citizens of the onerous duty of performing jury service. In the absence of any suggestion of fraud or misconduct on the part of the officials whose duty it is, under the statute, to make selections of persons to perform jury service, other than the mere failure to observe

the regulations of the statute, and in the absence of any
suggestion that a failure to comply with any such statu-
tory regulations could injuriously affect the substantial
rights of parties, an appellate court will not reverse the
action of a trial court in overruling a challenge to the ar·
ray based upon a failure to comply with some of the regu-
lations of the statute relating to the selection of juries.
(*State v Carney*, 20 Iowa, 82; *Friery v. People*, 54 Barb.
319; *Ferris v. People*, 35 N. Y. 125; 12 Am. & Eng. Enc.
Law, 328.)

Plaintiff in error complains that the panel from which
the jury that tried his cause was drawn was illegal, and
that said panel should have been quashed upon his chal-
lenge of the array, because no oath was printed in the
poll books of the general election at which the names of
the persons comprising the panel were selected, and no
oath was taken by the judges of said election relati`ng to
the selection of persons for service as jurors   It is not
shown or claimed that any person was returned by said
judges of election, or drawn upon the panel, who was not
competent or qualified to serve as a juror; nor is it con-
tended or shown that the failure to have printed in the
poll books the oath in relation to the selection of persons
for jury service, or the failure to have said oath adminis-
tered to said judges of election, resulted in the selection
of any other or different persons than those who would
have been selected had said oath been formally adminis-
tered to said judges, and printed in the poll books, as
required by the statute.

Section 13, art. 16, Code of Criminal Procedure, reads:
"On an appeal the court must give judgment without re-
gard to technical errors or defects, or to exceptions which

do not affect the substantial rights of the parties." In view of this provision, although we might be of the opinion that there was technical error in the action of the trial court in overruling the challenge to the array, yet unless we could say that such error affected the substantial rights of the defendant, or might have affected his substantial rights injuriously, we would not be justified in disturbing the verdict.

The objection that the order of the district judge for the drawing of the panel of jurors was not made within ten days before the sitting of the term at which the defendant was tried cannot be sustained as sufficient ground for this court to reverse the action of the court below in overruling the challenge to the array therefor. Section 2, ch. 45, Statutes of 1893, provides that no jury shall be summoned except by order of the judge of the district court, which order "may be issued any time within thirty days before the first day of the term or at any time during the term." In section 6 of said chapter it is provid:d: "Within ten days before the sitting of any term of the district or probate court the judges shall certify to the district clerk the number of persons desired for grand or petit jurors, or both." It is not necessary that we should here enter into an argument showing that these seemingly inharmonious provisions do not, in fact, conflict, or that the order for the drawing of the jury was in strict conformity with the statute; for, conceding the provision in section 6 as prescribing the time when and within which the judge should issue his order to the clerk for the drawing of the jury, yet such provision is not mandatory, but only directory. (*Mowry v. Starbuck*, 4 Cal. 274.) . And as it is not made apparent that the substantial rights

of the defendant were in any manner injuriously affected thereby, we are not at liberty to disturb the verdict, even if we were of the opinion that the order was not issued within the time prescribed by the statute.

The defendant also excepted to the decision of the distrial court overruling his challenge for cause of the juror W. H. Morris. The juror was challenged peremptorily by the defendant, but, as the defendant exercised all of his peremptory challenges, the fact that the juror did not sit upon the panel to try the cause will not deprive the defendant of the benefit of his exception if his challenge for cause was erroneously overruled. The juror was challenged for actual bias. Actual bias is defined in section 22 of art. 9 of the Code of Criminal Procedure as: "The existence of a state of mind on the part of the juror in reference to the case or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging." This charge of actual bias was based upon the alleged existence in the mind of the juror of an opinion as to the guilt or innocence of the defendant. A careful review of the testimony of the juror given on his *voir dire* shows, in substance, that the only opinion formed by him was based upon conversation had with people upon the streets shortly after the homicide for which defendant was tried. The juror did not know who the people were that he had heard talking about it, nor did he know whether such people had personal knowledge of the facts. He never talked with any one who claimed to know the facts of the case; did not know whether they were witnesses in the case or not; did not know whether the par-

ties he heard talking about the case lived in the vicinity where the homicide occurred; did not know whether the parties he heard speaking about the case stated the facts or not—supposed they were stating the facts. All he heard was street talk about the case—just street rumor. From what he heard he had formed an opinion as to the guilt or innocence of the defendant, and it would take evidence to remove that opinion. The juror stated that, notwithstanding any opinion he may have formed, if selected as a juror in the case, he would try the same fairly and impartially upon the evidence and the law, and exclude from his mind any opinion which might have heretofore been formed; that he could and would do this.

The formation or expression of an opinion by a juror, without regard to the character of the opinion, or howsoever formed, is not a legal disqualification. It is apparent that if every opinion, of whatsoever character, and howsoever formed—whether a mere passing inclination or a settled conviction in the mind—is to work a disqualification of the juror, the difficulty of obtaining intelligent jurors will be greatly increased, if not rendered absolutely impossible. One accused of crime is, by the constitution, guaranteed a fair and impartial trial; but to insure this it is not meant that the jurors trying the case shall never have heard of the case, or shall not have any impressions concerning any of the facts, or passing inclination. This guaranty in the constitution only excludes from the jury box those who are possessed of an opinion, upon the merits of the case, upon the guilt or innocence of the accused of the charge laid in the indictment, upon the evidence substantially as expected to be presented for the consideration of the jury on the trial of the case, or

an opinion indicative of ill will toward the accused. (*State v. Clark*, 42 Vt. 629.) Section 25 of art. 9 of the Code of Criminal Procedure, is called to our attention by the attorney general, and provides as follows: "No person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals, or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon matters to be submitted to him." We are inclined to the view that this provision adds nothing to the effect of the provisions of section 22 of said article, previously quoted. If it were intended by this provision that no opinion held by a juror, however fixed and definite it might be, and though it might be indicative of ill will, should be a disqualification, if founded upon rumor, statements in public journals, or common notoriety, provided the juror should make declaration, under oath or otherwise, that, notwithstanding such opinion, he would act impartially and fairly upon the matter submitted to him, we would hesitate before saying that this statute might not be violative of the constitutional right of the accused to a trial by an unbiased jury. As we view it, the question presented in these cases is, not how, or from what sources of knowledge or information, the opinion was formed, but what is the character of the opinion, and whether it is such as to prevent the juror from determining the merits of the case unbiased by such opinion. The mere declaration of the juror, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly,

cannot be made the test of his qualifications. It is " the court, in the exercise of a sound discretion," that must determine whether the juror entertains a disqualifying opinion, and not the mere declaration of the juror himself. The formation and expression of an opinion is not alone the test of a juror's competency, but the nature of the opinion may be inquired into, and, if found to be only a transitory inclination of mind, it is not a disqualifing opinion. To work a disqualification, there must be an abiding bias of the mind, caused by substantial facts in the case, in the existence of which the juror believes; an opinion upon the merits of the case upon the guilt or innocence of the accused of the charge laid in the indictment, upon the evidence substantially as expected to be presented on trial.

Mr. Chief Justice Marshall, in Burr's trial, (1 Burr's Trial,416, Fed. Cas. No. 14,693) states the rule to be that: "Light impressions, which may fairly be presumed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of the testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions which close the mind against the testimony that may be offered in opposition to them—which will combat that testimony, and resist its force—do constitute a sufficient objection to him." The question presented by such challenge is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence; and the trial judge must, in the exercise of a sound discretion, be satisfied from the evidence that the juror cannot try the issue impartially, without prejudice to the substantial rights of the party challenging, or the

challenge should be overruled. (*Reynolds v. U. S.* 98 U. S. 145; *State v. Meaker*, 54 Vt. 112; *Scranton v. Stewart*, 52 Ind. 68; *Balbo v. People*, 80 N. Y. 484; *Cox v. People*, Id. 500; *Baldwin v. State*, 12 Mo. 223; *Ortwein v. Com.*, 76 Pa. St. 414; *People v. Welch*, 49 Cal. 174; *State v. Lawrence*, 38 Iowa, 51.)

In *Reynolds v. U. S., supra,* Mr. Chief Justice Waite, speaking for the court, says: "The theory of the law is that a juror who has formed an opinion cannot be impartial. Every opinion which he may entertain need not necessarily have that effect. In these days of newspaper enterprise and universal education, every case of public interest is almost, as a matter of necessity, brought to the attention of all the intelligent people in the vicinity, and scarcely any one can be found among those best fitted for jurors who has not read or heard of it, and who has not some impression or some opinion in respect to its merits. It is clear, therefore, that upon the trial of the issue of facts raised by a challenge for such cause the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily raise the presumption of partiality. The question thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence. The finding of the trial court upon that issue ought not to be set aside by a reviewing court, unless the error is manifest. No less stringent rules should be applied by the reviewing court in such a case than those which govern in the consideration of motions for a new trial because the verdict is against the evidence. It must be made clearly to appear that upon the evidence the court ought

to have found the juror had formed such an opinion that he could not in law be deemed impartial."

In *Balbo v. People, supra*, it is said: "If the juror, on being challenged for principal cause, discloses on his examination that he had a fixed and definite opinion in the case on the merits, and nothing further is shown, then the rule of law which existed prior to the statute of 1872 applies, and the court would be bound, as matter of law, to reject him as incompetent. But if, in addition, he states upon oath that he believes he can render an impartial verdict on the evidence, and that such previously formed opinion will not bias or influence him as a juror, the question of his competency is then to be determined by the court as a question of fact. In determining the question the declaration of the juror is to be considered, but it is not controlling."

In *McGregg v. State*, 4 Blackf. 101, the court says: "We consider that under this statute, when the juror answers that he has formed or expressed an opinion of the defendant's guilt, there are other inquiries to be made before the juror can be set aside. The nature and cause of the opinion must be inquired into. If it appears from the answers of the juror, or from any other testimony, that he has formed or expressed an opinion of the defendant's guilt out of ill will to the prisoner, or that he has such a fixed opinion of the defendant's guilt as will probably prevent him from giving an impartial verdict, the challenge ought to be sustained. But if the opinion is merely of that light and transient character so commonly formed when we hear any reports of the commission of an offense—such an opinion, merely, as would probably be changed by the relation of the next person met with—it is not a sufficient cause of challenge."

Applying the rule of these authorities to the case before us, we cannot say that there was any abuse by the court below of the sound discretion vested in it in determining the facts presented which makes it manifest that there was error in overruling the challenge to this juror. There was nothing in the testimony of the juror to indicate a fixed and definite opinion in the case on the merits, or that he had any ill will against the accused; nothing to indicate that the opinion he had was based upon substantial facts in the case in the existence of which the juror believed, or upon the merits of the case as to the guilt or innocence of the accused upon the evidence substantially as expected to be presented on the trial. Whatever opinion he had was based upon statements concerning the case made by parties who are not shown to have been eye-witnesses of the homicide, who are strangers to the juror, and of whose knowledge or truthfulness he had no means of knowing. In fact his only information upon which an opinion or impression could have been based, was obtained from unreliable street rumor, and when the juror under oath stated that, notwithstanding any opinion he may have formed, if selected as a juror in the case he would try the same fairly and impartially —that this he could and would do—the court, who had the juror before him, with an opportunity to judge of his intelligence, candor, and lack of feeling or ill will towards the accused, was justified in concluding that what the juror denominated an opinion was but a transient impression that would disappear upon the presentation of the evidence in the case, and not impress or influence the mind of the juror to the prejudice of the accused. In the absense of a showing in the record of the existence of a

state of mind on the part of the juror in reference to the case or to the accused, making it manifest that in the exercise of a sound discretion the trial court should have been satisfied that the juror could not try the issue impartially and without prejudice to the substantial rights of the party accused, we cannot disturb the judgment because of the overruling of this challenge.

A further exception is based upon a ruling of the court upon the introduction of testimony upon the trial. On the cross-examination by the defendant of three of the witnesses for the prosecution they were asked as to statements made by them on a former trial of the case, counsel for the defendant claiming that the testimony of these witnesses as to material facts differed on the former trial from that given by them at the trial then being had, and offered in evidence extracts from the official transcript of the evidence on the former trial to show contradictory statements made by the witnesses. The court, over the objection of counsel for the defendant, permitted the Territory to introduce the entire transcript, and to read therefrom to the jury all the testimony given by these witnesses on the former trial relating to the facts involved in the alleged contradiction. There was no error in this. The defense sought to impeach the testimony of these witnesses by introducing extracts from their former testimony, which presented seeming contradictions of the testimony then given by the witnesses. It was the right of the Territory to meet this attempted impeachment by showing all the testimony of the witnesses contained in the transcript, which would explain the extracts introduced by the defendant. A party cannot offer in evidence a part of a document, conversation, or trans-

cript of a witness' testimony for the purpose of impeaching the witness, and then complain that the court permits the remainder of such document, conversation, or transcript to be introduced to rebut the apparent impeachment. Counsel cannot be permitted, for the purpose of impeaching a witness, to introduce extracts of the former testimony of such witness, and then be heard to complain that the whole of such testimony was introduced, and the whole truth given to the jury. The court carefully guarded the rights of the defendant when the county attorney was permitted to read the former testimony of these witnesses from the transcript to the jury by instructing the jury at the time as to the extent such testimony was competent, and for what purpose it might be considered by them, as follows:

"The jury are instructed that the only purpose for which they may consider the testimony, as read by the county attorney, is for the purpose of determining whether or not the testimony given at the preliminary examination, and to which their attention was called by the counsel for defendant, is contradictory of the testimony given by the witnesses while upon the wi¹ ess stand in the trial of this case, and for that purpose only the jury may consider the testimony, as read by the county attorney, of the witnesses named."

There is no error committed by the court in permitting this testimony to be read. The question involved had no relevancy to the constitutional question presented where the testimony of a witness, given upon a former trial, is sought to be introduced in a criminal case, in the absence of the witness. All of the authorities cited by counsel for defendant relate to the latter question, and have no bearing upon the question here presented.

Numerous other errors are assigned in the petition in

error. We have considered all that have been presented in the briefs, or argued by counsel for plaintiff in error. Under the settled rule of this court such assignments of error as are not presented and relied upon in the argument or brief of counsel are deemed waived and abandoned, and will not be considered by this court. (*Gardenhire v. Gardenhire,* 2 Okl. 484, 37 Pac. 813; *Hurst v. Sawyer,* 3 Okl. 296, 41 Pac. 603; *Territory v. Brady,* 4 Okl. 514, 46 Pac. 573.)

Finding no error presented calling for a disturbance of the judgment herein, the judgment of the court below is affirmed.

All the Justices concurring.