## H. H. HYDE v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 11, 1899.)

1. CRIMINAL LAW—*Special Counsel—Appointment of not Error, When.* It is not error for the court to appoint special counsel to conduct the prosecution on behalf of the Territory in a criminal action, where it is satisfactorily shown to the court that the county attorney is unable to properly perform the duties devolving upon him as county attorney, for the reason that he was attorney for the defendant in a land contest between the prosecuting witness and the defendant, out of which the criminal action arose.

2. CRIMINAL TRIAL—*Continuance—Application Must Show, What.* It is not error for the court to overrule an application for continuance, where such application fails to show that the same facts could not be proven by other witnesses who are present. A continuance of the cause rests largely within the sound discretion of the trial court, and will not be held as reversible error by this court, unless there is a clear abuse of discretion.

3. JURY—*Challenge—Review on Appeal.* Where the record shows that the defendant did not exhaust all his peremptory challenges, this court will not review an assignment of error that the court erred in overruling a challenge for cause of a juror on the ground that it would take evidence to change or remove an opinion based merely upon rumor, or hearsay statements made to such juror.

4. INDICTMENT—*Indorsement of Witnesses.* Where the court permits the prosecution to indorse the names of additional witnesses on the indictment at the trial of the cause, it will not be held as reversible error by this court, unless it clearly appears that it was prejudicial to the substantial rights of the defendant.

**5. WITNESS** — *Credibility* — *Cross-Examination.* The prosecution in a criminal cause has a right to ask the defendant, when he takes the witness stand in his own behalf, whether or not he has been convicted of a particular crime, for the purpose of affecting his credibility.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*Sample & Noah,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *W. S. Roberts,* for defendant in error.

H. H. Hyde was convicted of assault with intent to kill, and brings error. Affirmed.

Opinion of the court by

HAINER, J.: The plaintiff in error, H. H. Hyde, was indicted, tried and convicted in the district court of Woods county for the crime of assault with intent to kill, by shooting one H. J. Kragh, and sentenced on the 5th day of June, 1897, to the territorial prison at Lansing, Kan., for a term of seven years.

The first error assigned by counsel for plaintiff in error is that the record of said court in said action does not affirmatively show that the defendant was present at every material and important step of the trial. It is true that the case-made brought here by the plaintiff in error does not show affirmatively that the defendant was present at every stage of the proceedings in the trial of said cause. However, on the 21st day of December, 1898, counsel for the Territory filed a motion asking leave of this court to supplement the case-made by a transcript of the record of the proceedings in said cause, as is shown

by the journals of the trial court. This motion was supported by copies of the journal of the court, which did not contradict any statements or recitals in the case-made, but simply supplied the omissions in the case-made, and which show that the defendant was actually present at every step during the trial when his presence was required. On the 7th day of January, 1899, this court sustained the motion, and ordered a writ of *certiorari* to be issued to the clerk of the district court of Woods county, directing him to immediately transmit to this court a complete transcript of all journal entries appearing upon the records of said court in this cause, and that the same be filed supplemental to the record in this court.

On the 16th day of January, 1899, a complete transcript of the journal entries was filed in this court. This transcript shows that the defendant was actually present at each and every stage of the proceedings of the trial, and hence the statement by counsel for plaintiff in error that the defendant was not present during the period mentioned in the brief and argument is not borne out by the records of said court.

It is next contended by counsel for plaintiff in error that the court erred in appointing W. S. Roberts as special counsel on behalf of the Territory to prosecute said cause. We do not think this objection is tenable. It clearly appears from the record in this case that the county attorney had been for the past three years, and was at the time of the trial, attorney for the defendant, H. H. Hyde, in a contest proceeding still pending in the department of the interior, wherein said Hyde was plaintiff, and the complaining witness, Kragh, was defendant;

and it further appears that the crime for which said Hyde was indicted, grew out of this contest proceeding. It further appears that the county attorney moved to dismiss said action upon the ground that after an investigation of the facts he concluded "that the testimony concerning the affray is hopelessly conflicting, the preponderance being on the side of the defendant." This motion appears to have been made by the county attorney on the 20th of May, 1897. However, on the 24th day of May, 1897, it appears that he asked permission of the court to withdraw the motion to dismiss said cause. Under the circumstances, we think the court was right in appointing a special counsel to conduct the prosecution of this case, and it certainly could not be prejudicial to any substantial rights of the defendant.

It is next contended that the court erred in overruling the application of the defendant for the postponement of the trial on account of the absence of Elmer Collins, a material witness for the defendant. We think that the motion to continue the cause on account of the absence of this witness was properly overruled by the court. The defendant failed to show sufficient diligence in procuring said witness, and the application also fails to show that the same facts could not be shown by other witnesses who were present. It is not error for the court to overrule an application for continuance, where such application fails to show that the same facts could not be proven by other witnesses who are present. A continuance of the cause rests largely within the sound discretion of the trial court, and will not be held as reversible error by this court, unless there is a clear abuse of discretion. (*Crumpton v. U. S.* 138 U. S. 361, 11 Sup. Ct.

355; *Corbin v. People*, 131 Ill. 616, 23 N. E. 613; *Com. v. Donovan*, 99 Mass. 425; *Dacey v. People*, 116 Ill. 555, 6 N. E. 165.)

The plaintiff in error complains that the court erred in overruling the challenge for cause of the juror W. E. Eutsler. The evidence shows that the opinion which the juror Eutsler had formed was based merely upon rumor and hearsay statements, and it clearly comes within the rule laid down by this court in the case of *Huntley v. Territory*, 7 Okla. 60, 54 Pac. 314. The challenge was therefore, properly overruled by the court. It further appears from the record that the defendant did not exhaust all his peremptory challenges, and hence, if any error was committed in overruling this challenge, it was waived by the defendant in not exercising all his peremptory challenges, and cannot be available as error in this court.

It is contended also by plaintiff in error that the court erred in permitting the prosecution to indorse the names of additional witnesses on the indictment at the trial of the cause. We think that this is a matter resting entirely within the sound discretion of the trial court, and, unless it clearly appears that it was an abuse of discretion, and that it was prejudicial to the substantial rights of the defendant; we cannot say that it is reversible error.

A number of errors are assigned by the plaintiff in error, that the court erred in admitting certain incompetent testimony over the objections of the defendant, and also in refusing to admit certain competent testimony which was offered by the defendant in course of the trial. We have examined the record upon these matters, and do not think that the objections are well taken.

It is also contended by plaintiff in error that the court erred in permitting the prosecution to ask the defendant this question: "Were you convicted of the crime of larceny in one of the courts of this county?" The great weight of modern authorities now hold that the prosecution has the right to ask the defendant, when he takes the witness stand in his own behalf, whether or not he has been convicted of a crime, for the purpose of affecting his credibility. Section 4209 of our Statutes provides:

"No person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

Section 5207 of our Statutes provides:

"The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this chapter."

In the case of *Asher v. Territory*, 7 Okla. 188, 54 Pac. 447, Mr. Justice Burwell clearly states the rule as follows:

"The defendant had taken the witness stand in his own behalf, and having done so, the county attorney had a right to ask him any question pertaining to the matter at issue, or that would go to his credibility as a witness. It has always been held permissible, on cross-examination, to show how much of the witness' time he has spent in the jail or penitentiary. This is done for the purpose of showing the character of the man, as to whether or not he is a man who is worthy of belief. Under the laws of the Territory of Oklahoma, a defendant cannot be compelled to testify against himself when on trial charged with a crime; but if, in his judgment, he deems it best to take the witness stand, and testify

in his own behalf, by so doing he voluntarily subjects himself to the cross-examination that would be proper for any other witness."

We have examined each of the twenty-seven errors assigned by the plaintiff in error, and, after a careful examination of the entire record, we are of the opinion that none of them are sufficient to require the reversal of this case. There being no error in the record prejudicial to the substantial rights of the defendant, the judgment of the district court must be affirmed. The clerk of this court will issue a mandate to the sheriff of Woods county, commanding the said sheriff to transport the said H. H. Hyde, plaintiff in error (defendant in the court below,) to the territorial prison at Lansing, Kan., in pursuance to the sentence and judgment of the district court of Woods county, and in conformity with this opinion.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.