FRANCES D. MALIGNON v. THE TERRITORY OF OKLAHOMA.

(Filed Aug. 24, 1899.)

JURY—*Challenge to Array.* In general the provisions of the statute in regard to the mode of obtaining juries are directory, and a substantial compliance with the requirements of the law is sufficient. This court will not reverse a ruling of the district court, overruling a challenge to the array, upon objections to the manner in which the list of persons from whom the panel was selected was made up, when such objections are purely technical and do not affect the substantial rights of the parties, and when it is not made to appear that any material rights have been lost thereby.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before. James R. Keaton, District Judge.*

*J. S. Jenkins* and *J. L. Brown,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for defendant in error.

On September 16, 1897, Frances D. Malignon was indicted by the grand jury of Oklahoma county for the crime of maiming. At the trial in the court below, the

defendant tendered to the court a plea of guilty of the crime of assault and battery, which was by the court refused, to which refusal defendant excepted. A motion was then made by the defendant to set aside the indictment. On the motion, by order of court, evidence was heard, and the motion overruled, to which the defendant excepted. On the trial a plea of former conviction in the police court of Oklahoma City was entered by the defendant. On the trial a conviction was found against the defendant of the crime of assault and battery. Motion for new trial was made and overruled. Motion for arrest of judgment was overruled; also motion to apportion costs was made and overruled, to all of which exception was taken by defendant. And the defendant was sentenced to pay a fine of $100 and costs, and to ten days in jail, and to stand committed until fine and costs were paid, to all of which defendant excepted, and now assigns the same as error, and brings the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.: The first error assigned is the refusal of defendant's plea of guilty of assault and battery. We do not think this is error on the part of the trial court, as, at the time, the defendant was under an indictment charging her with the graver offense of maiming. The only way the guilt or innocence of the defendant of the crime charged in the indictment could be legally determined was by the evidence, and this question of guilt or innocence of the crime charged in the indictment, or any lesser offense included therein, was a question of fact, to be determined by a jury from the evidence; and, in absence of any evidence,

we know of no rule of law that would compel the trial court to accept a plea of guilty of a lesser offense than that charged in the indictment. Under our Code, one charged with maiming may be legally convicted of assault and battery, and, for the purpose of determining of which of these degrees of crime the defendant was guilty, we think it was perfectly proper for the court to put her on trial, and let the jury, under the evidence and instructions of the court, determine.

As to the next ground for reversal urged by plaintiff in error, to wit, that the grand jurors were not drawn and impaneled as provided by law, we think the chief fault in the case presented to this court by plaintiff in error is that it is not shown by the record that any substantial right of the defendant has been jeopardized or lost. There is no suggestion in the brief of any fraud or misconduct on the part of the officials whose duty it was, under the statute, to make and return the list from which such grand jury should be drawn.

And in the cases of *State v. Carney*, 20 Iowa, 82, *Friery v. People*, 54 Barb. 319, *Ferris v. People*, 35 N. Y. 125, and 12 Am. & Eng. Enc. Law, p. 328, the doctrine is clearly set forth, and in which doctrine we concur: "In the absence of any suggestion or showing that a failure to comply with the statutory regulations in regard to drawing jurors has injuriously affected the substantial rights of the defendant, an appellate court will not reverse the action of the trial court in overruling a challenge to the array, founded upon such grounds." And practically to the same effect was the holding of this court in the case of *Huntley v. Territory*, 7 Okla. 60.

In the case at bar, it does not appear that the manner of drawing or impaneling the grand jury, or the excusing of grand jurors, drawn as complained of, in any way affected or could have affected the action of such grand jurors. According to the plea tendered by the defend-ant, she was guilty of assault and battery. She has been convicted of this offense, and nothing else. The fine imposed and the penalty inflicted are authorized by law for this offense, and the fact that she was indicted and tried for a graver offense, which included the offense of which she was finally convicted, is no reason why her conviction and punishment for assault and battery were legally wrong, or morally unjust, and we cannot see wherein it is shown that exact and substantial justice has not been done. Hence, this case will be affirmed.

All of the Justices concurring.