LYDIA HOWLAND v. THE TERRITORY OF OKLAHOMA.

(Filed March 4, 1904.)

1. **CONTINUANCE.** It is not error to overrule an application for continuance in a trial for murder, where it appears that the defendant had sufficient time to prepare for trial and to procure the attendance of witnesses or to take their depositions, had she exercised due diligence.

2. **EVIDENCE.** The evidence examined and held to be sufficient to sustain the verdict of the jury.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before Jno. H. Burford, Trial Judge.*

*S. D. Decker, R. H. Galyen* and *Fred A. Wagoner,* for plaintiff in error.

*J. C. Robberts, Attorney General,* for defendant in error.

Opinion of the court by

HAINER, J.:   The appellant, Lydia Howland, and Mary Conrey were jointly indicted, tried, and convicted for the murder of one Ruth Corine Howland by means of poison. The jury fixed the punishment at life imprisonment, and they were sentenced by the court in accordance therewith. From this judgment Lydia Howland alone appeals.

The first error assigned is that the court erred in overruling the application for a continuance. This objection cannot be sustained. The application for a continuance was wholly insufficient. There was no attempt to procure the attendance of any of the witnesses who resided in the territory, or to take the depositions of any of the non-resident witnesses. No diligence whatever is shown. The record discloses that the defendants were arraigned on the 25th day of March, 1902, and on the following day entered pleas of not

guilty, and the cause was at that time set for trial on April 7th. We think that in the absence of a showing to the contrary this afforded the defendants a reasonable time to prepare for trial, had they exercised proper diligence.

This court has repeatedly held that the granting of a motion for continuance rests largely in the sound discretion of the trial court, and will not reverse a cause for denying an application for continuance unless it appears that there is a clear abuse of discretion. (*Smith v. Territory,* 11 Okla., 669; *Kirk v. Territory,* 10 Okla., 46; *Hyde v. Territory,* 8 Okla., 69.)

It is next claimed that the court erred in failing to sustain the objection to the following question propounded to the expert witness, Dr. DeBar: "You may state, if you can state, the conditions that you have stated here, by what were they produced?" It is contended by the plaintiff in error that this question was incompetent, for the reason that there had been no identification of the organs with reference to which the witness was testifying, and no proof that they were the organs of the deceased child. This contention cannot be sustained. We think the record clearly discloses that from the time of the death of the child until the examination of the organs by Dr. DeBar, that there was a complete chain of identification. Consequently the testimony of the expert witness, Dr. DeBar, was competent, and the court properly overruled the objections thereto.

The next error that the plaintiff in error complains of, is prejudicial remarks of the court in stating to Mary Conrey, one of the defendants, who had not been placed on the witness stand, and after the counsel had closed the case for the

defendants, that if "Mrs. Conrey desired to make a statement to the jury, she could do so, as she was charged with a serious offense," or in substance to that effect.

We are unable to perceive how this remark, if prejudicial, could affect the rights of the defendant, Lydia Howland, who had taken the witness stand in her own behalf and fully testified with reference to her connection with the crime. The defendant, Mrs. Conrey, filed no motion for a new trial, and has not appealed from the judgment. If any error was committed by the court, it is certainly harmless, in so far as it affects the rights of the plaintiff in error.

We have examined the record, and it is our opinion that the evidence is sufficient to sustain the verdict of the jury and the judgment of the court.

No error appearing in the record prejudicial to the rights of the plaintiff in error, the judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.