## JOE BURTON v. STATE.

No. A-2880.   Opinion Filed November 29, 1919.

Rehearing Denied January 7, 1920.

(185 Pac. 842.)

1.   **HOMICIDE—Evidence that Deceased Left Wife and Children.**
In the trial of a homicide case, the fact that the deceased left surviving him a wife and two children is not germane to any issue in the case, and evidence thereof should not be admitted against the objection of the defendant.

2.   **APPEAL AND ERROR—Harmless Error—Overruling Challenge to Juror.** Where juror is challenged for cause, and such challenge is erroneously overruled, and such juror is peremptorily challenged and does not serve as a juror in the case, the overruling of such challenge is harmless error, unless the record affirmatively shows that the overruling of the challenge reduced the number of peremptory challenges of the defendant to his prejudice, and that the defendant did not waive, but raised the question on the trial of the case.

*Appeal from District Court, Greer County;*
*R. W. Higgins, Assigned Judge.*

Joe Burton was convicted of manslaughter in the first degree, and he appeals. Affirmed.

See, also, 58 Okla. 754, 161 Pac. 532.

*S. B. Garrett, H. H. Edwards, W. B. Garrett,* and *Riddle & Hammerly,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Joe Burton, hereinafter called defendant, was indicted for the murder of Virgil Heatley, found guilty of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary at hard labor for the term of

15 years.   To reverse the judgment rendered, he prosecutes this appeal.

The defendant relies entirely on questions of law to work a reversal of the judgment rendered in this case. We find it unnecessary, therefore, to recite at length the voluminous evidence in the record, deeming it sufficient to say that the undenied facts are:   Prior to the homicide bad blood had been engendered between the deceased and the defendant. On the morning of the homicide, the defendant had been informed that the deceased had threatened to kill him.   An hour or so before the homicide the defendant armed himself with a pistol, and shortly thereafter the deceased, who was riding a horse, and the defendant met.   The defendant said something to the deceased, to which the deceased replied, when the defendant, who was at the time only a few feet from the deceased, drew a pistol and shot the deceased three times, from the effects of which shots the deceased died almost immediately.   The evidence was in conflict as to what was said and done by the deceased and by the defendant immediately before the fatal shots were fired.   The evidence on the part of the state tended to show that the defendant in shooting the deceased committed murder, while the evidence on behalf of the defendant tended to show that he acted in necessary self-defense.

The defendant made an exhaustive examination of the jurors J. W. Minn and A. J. Falkner as to their competency to sit as jurors.   Upon the conclusion of the examination the defendant challenged each of the jurors for cause.   The court overruled the challenges, and exceptions were duly reserved.   Thereupon the defendant peremptorily challenged each of the said jurors.   In completing the

jury the defendant exhausted all of his peremptory chal-
lenges, but no question was raised that by a wrongful
failure to sustain said challenge for cause the defendant
had been prejudicially denied the number of peremptory
challenges to which he was entitled.

It is most earnestly contended by the learned attor-
neys of defendant that the court committed reversible
error in overruling the challenges for cause of the jurors
J. W. Minn and A. J. Falkner, neither of whom served
upon said jury. The contention we think without merit.
It is certainly true, as urged by counsel for defendant,
that the defendant was entitled to be tried by fair and im-
partial jurors. Upon an examination of the jurors upon
their *voir dire* the trial court should resolve all doubts
arising on the evidence in favor of the defendant as to
the competency of the juror, and if, upon so doing, it ap-
pears that the juror challenged for cause would not be an
impartial juror, as required by the Constitution, and as
defined by decisions of this court, such challenges should
be sustained, and to overrule such challenge, when the de-
fendant had exhausted his peremptory challenges, would
be reversible error. *Middleton v. State*, 16 Okla. Cr. 320,
183 Pac. 626, and the authorities there cited.

But where, as in the instant case, the defendant had
not exhausted his peremptory challenges, and by the use
of two thereof excluded the said J. W. Minn and A. J.
Falkner from service as jurors, and when the record does
not affirmatively show, as it does not show in this case,
that he was thus wrongfully deprived of a part of the per-
emptory challenges to which he was entitled by law, to his
prejudice, and there is nothing in the record to show
that he was not tried by an impartial jury, notwithstand-
ing the record shows that, including the two peremptory

challenges used to eliminate the two jurors challenged for cause, the defendant exhausted all of his peremptory challenges, but did not complain that the action of the court in overruling the challenges for cause had prejudicially denied him a fair and impartial jury, the overruling of the challenges for cause, if error, was harmless error.

The state offered in evidence the clothing worn by the deceased at the time of the homicide, to which the defendant objected. The court overruled the objection, and the defendant excepted. The clothing worn by the deceased at the time he was killed was properly admitted in evidence.

"On a trial for murder, where the plea is self-defense, a coat worn by deceased at the time of the homicide, and which shows the point of entrance of the fatal bullet, is admissible in evidence." *Saunders v. State,* 4 Okla. Cr. 264, 111 Pac. 965, Ann. Cas. 1912B, 766; *Morris v. State,* 6 Okla. Cr. 29, 115 Pac. 1030.

The state, over the objections and exception of the defendant, was permitted to show that the deceased left surviving him a wife and two children. The fact that the deceased left surviving him a wife and two children was not germane to any issue in this case, and evidence thereof should not have been admitted; but after an examination of the entire record we are unable to say that it appears that the admission of said evidence has probably resulted in a miscarriage of justice. Therefore we are prohibited by statute from setting aside the judgment rendered on account of the admission of the evidence complained of. Section 6005, Rev. Laws 1910.

Watts, a witness for the defendant, testified that, immediately after the deceased was shot, he arrested the de-

fendant at the scene of the homicide and started with him to the courthouse; that at the time of his arrest the defendant had a pistol in his hand, which witness demanded he give up to him; that defendant declined to do so, and said "that he was the man who shot deceased, and that, by God, he would not give up the gun; that he didn't want to be shot in the back; that he did not want to be mobbed."

The defendant then offered to prove by said witness that when going from the scene of the shooting to the courthouse, shortly after the homicide, he said to witness "that the Heatleys and the Carlocks and others were down on him and trying to move him, but that they could not do it"; that witness replied, "that is all right; don't hesitate; let's get away from here"; that Mr. Counts, the jailer, and Mr. Meacham came up behind witness, and he turned to see them; that Counts and Meacham got the gun, but witness did not know whether they took it from defendant; anyway, they got the gun. The state objected to the introduction of said offered evidence. The court sustained the objection, and the defendant excepted.

We are unable to see that the court committed reversible error in excluding said offered evidence. How said evidence could in any manner tend to show that in the killing of the deceased the defendant acted in self-defense we cannot imagine. On the contrary, we are impressed that the excluded evidence tended to show that the defendant, in committing the homicide, was actuated by a spirit of revenge, and the exclusion of it was beneficial to him. Whether or not the defendant, after the homicide, surrendered his pistol, or the same was taken from him, was entirely immaterial, and might properly have been excluded; but the admission of said evidence

could not work a reversal of the judgment under the record in this case.

We have carefully considered instructions respectively numbered 17 and 18, given the jury, the only paragraphs of the instructions argued in brief of defendant as being erroneous. When these instructions are, as they must be, considered in connection with the entire instructions given, we are of the opinion that each of them is free from prejudicial error.

The defendant further complains that the court committed reversible error in refusing to give the following requested instruction:

"You are further instructed, after taking and considering all the facts and circumstances in evidence before you, if you have a reasonable doubt as to whether the defendant acted in self-defense as viewed by him from his standpoint, then you will acquit the defendant, and say so by your verdict."

The general instructions given by the court properly covered this requested paragraph. Byers v. Territory, 1 Okla. Cr. 677, 100 Pac. 261, 103 Pac. 532.

The contention of the defendant that the court, in instruction numbered 10, instructed the jury that there was no evidence authorizing them to consider justifiable homicide, is not supported by the record. The court did not so instruct, but did instruct by said instruction "that there was no evidence showing or tending to show that the homicide was excusable homicide." Justifiable homicide and excusable homicide are not synonymous. Certainly there is no evidence tending to show that the killing of the deceased was excusable, as excusable homicide is defined by section 2332, Rev. Laws 1910. The court did not

err in refusing to sub mit that proposition to the jury. Upon consideration of the entire record, we are convinced that the evidence fully warrants the verdict returned, that the defendant was tried by a legal jury, and that no reversible error intervened in his trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.