Charles Francis **FARRELL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18082.

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Rehearing Denied July 16, 1973.

Ed Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Rogers County, Case No. CRM–72–90, appellant, Charles Francis Farrell, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Operating an Open Saloon. A fine of five hundred dollars ($500) was assessed by the jury as punishment. From that judgment and sentence, he has perfected his timely appeal to this Court.

As this case requires reversal, a detailed statement of facts is not necessary. Suffice it to say that on March 3, 1972, Deputy J. B. Hamby, Rogers County Deputy Sheriff, upon invitation of a member of Rolling Hills Country Club, Claremore, Oklahoma, attended a Men's Golf Association stag party. While at the party, he learned from an independent investigation certain persons were being served alcoholic beverages from club stock. From this investigation the instant prosecution culminated.

At the trial during the jury's deliberations, the bailiff, Josephine Bentley, talked with the foreman of the jury. According to the testimony of Mr. William A. York, the jury foreman, the bailiff was sum-

moned to the door of the jury room with the foreman requesting to see the judge, to see "what he thought about four to two." The bailiff stated she would talk to the judge and upon her return, in a second conversation, "she said we would have to stay there until we got the five."

Josephine Bentley testified the jury foreman informed her at the door of the jury room that the jury was deadlocked at two and four. Mrs. Bentley then "told him to stay in there" (Tr. 6), left his presence and then returned to the door of the jury room. In response to the foreman's question requesting what the judge wanted the jury to do, Mrs. Bentley stated "I told him to stay in there until they reached a verdict."

In the case of Foreman v. State, Okl.Cr., 370 P.2d 34 (1962) in the first paragraph of the Syllabus by the Court, this Court stated:

"Under Title 22 O.S.A. § 857 after the jury has retired for deliberation it is the sworn duty of the bailiff or court officer in charge thereof, among other things, not to permit any person to speak to nor communicate with them, nor do so himself, unless it is by order of the court."

As a general rule, any unauthorized communication to a juror during deliberations is presumed to be prejudicial, with the burden clearly upon the State to prove defendant was not prejudiced by a violation of the statute forbidding illegal communication with jurors during their deliberations. Under the circumstances in the instant case, the testimony of the two witnesses, the jury foreman Mr. William A. York, and Mrs. Josephine Bentley was not sufficient evidence to rebut the presumption of prejudice which attached with the unauthorized communication. The testimony of both witnesses thoroughly indicated the bailiff instructed the jury of her own volition that they were compelled to return a verdict. The comment the bailiff made to the jurors in effect was a misstatement of the law as there is no compulsion that jurors be required to return a

verdict. The bailiff's statement to the jurors excluded from the jurors consideration any possibility of not reaching a decision on the merits. It goes without saying that jurors are not required to be held captive in the jury room until some verdict is rendered. Therefore, the testimony entered in regard to the motion to set aside the verdict was not sufficient to overcome the presumption of prejudice to the defendant, as the evidence clearly revealed the bailiff made erroneous statements concerning the law to the jury foreman at the time the communication was made.

Appellant's conviction is therefore reversed and remanded for new trial.

BRETT and BUSSEY, JJ., concur.