Robert K. HAWKINS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–106.

Court of Criminal Appeals of Oklahoma.

April 22, 1986.

John Thomas Briggs, Briggs & Briggs, Pawhuska, for appellant Michael C. Turpen.

Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Robert K. Hawkins, was tried by jury in the District Court of Grady County, Oklahoma, Case No. CRM–84–297 for the crime of Driving Under the Influence. He was sentenced to one year in the county jail and a fine of $700.00. We affirm.

At approximately 6 p.m. on the evening of July 15, 1984 Oklahoma Highway Patrol Trooper Richard Frazier observed appellant driving an automobile in an erratic manner on U.S. Highway 62 near its junction with the H.E. Bailey Turnpike (I–44). Trooper Frazier stated that upon observing appellant drive in an erratic manner, he pulled the appellant over to investigate. Upon stopping the vehicle, Trooper Frazier asked appellant to step out of his car. Trooper Frazier described appellant as "uneasy on his feet" in that he had to support himself against the car, as well as being confused, having glassy eyes, and "slow and slurred speech." The odor of alcohol on the appellant's breath was strong enough to be detected two or three feet away. Appellant was arrested and transported to the Chickasha Police Department where the breathalyzer test was administered following his Implied Consent Warnings. Appellant registered 0.25% on the test.

On appeal, the appellant raises three assignments of error. In his first assignment of error, appellant alleges that the trial court erred by refusing to allow Juror Pettit to be removed for cause by the defense. During *voir dire*, Juror Pettit stated that her husband was a Grady County Deputy Sheriff. In response to trial court questioning,[1] Juror Pettit admitted that her father was killed in an alcohol related accident six years prior. Appellant requested that Juror Pettit be removed for cause. The trial court refused on the grounds that Juror Pettit stated that she could base her decision solely on the evidence before the jury.

This Court has noted on many occasions that close personal relationships between jurors and individuals associated with the prosecution, either directly or indirectly, or through his or her employer, may be grounds for removal for cause. *See Manuel v. State*, 541 P.2d 233 (Okl.Cr. 1975); and *Thompson v. State*, 519 P.2d 538 (Okl.Cr.1974) *Cf.* 22 O.S.1981, § 659. "To expect a juror to vote against her [spouse's] employer, [or even her spouse] and then face him on a daily basis is senseless." *Roubideaux v. State*, 56 O.B.J.1959, 1964, 707 P.2d 35 (Okl.Cr.1985) (Brett, J.,

---

1. THE COURT: Have any of you had any experiences that you feel might affect your consideration of this case?

   JUROR PETTIT: My father was killed in an alcohol related accident.

    THE COURT: Okay. How long ago was this?

    JUROR PETTIT: About six years.

    THE COURT: Okay. Because of that fact alone have you formed an opinion about this case?

    JUROR PETTIT: No.

    THE COURT: Can you base your decision solely upon the evidence as presented and not based on some prior experiences?

    JUROR PETTIT: I think so.

    THE COURT: You have not formed an opinion now?

    JUROR PETTIT: No, ma'am. (Tr–8)

specially concurring). Juror Pettit is the wife of a Grady County Sheriff's Deputy, the county in which the instant offense occurred and was prosecuted. While it is possible that Juror Pettit would have no conflict, she should not have been placed in this potentially compromising position. *See Roubideaux v. State, Id.* The second basis for appellant's challenge for cause against Juror Pettit is that her father was killed in an alcohol related accident six years prior to trial. While Juror Pettit stated that she would be an impartial juror, it is apparent that she could not, despite her stating to the contrary. *See Tibbetts v. State*, 698 P.2d 942, 945 (Okl.Cr.1985).

The rule in Oklahoma is that all doubts regarding juror impartiality must be resolved in favor of the accused. *See, e.g., Tibbetts v. State, id.* The rule is intended to apply to both the trial courts and the Court of Criminal Appeals. The trial court should have applied this rule and excused Juror Pettit for cause. To refuse to do so was an abuse of discretion.

Appellant asserts that because of the trial court's denial of removal for cause, he lost the effective use of one of his peremptory challenges by being forced to utilize one for Juror Pettit. The long standing rule in Oklahoma is that an improper denial of a challenge for cause will not be prejudicial unless it can be affirmatively shown in the record that the errone-

ous ruling reduced the number of the appellant's peremptory challenges to his prejudice. *Thompson v. State, supra; Burton v. State*, 16 Okl.Cr. 602, 185 P. 842 (1920); *Binyon v. United States*, 4 Ind.T. 642, 76 S.W. 265 (1903); *Hyde v. Territory*, 8 Okl. 69, 56 P. 851 (1899). In order to show prejudice, the appellant must demonstrate that he was forced, over objection, to keep an unacceptable juror. *Hyde, supra.* Examination of the record reveals that appellant used one of his three peremptory challenges to remove Juror Pettit. The record, however, is devoid of any indication that appellant was forced to keep an unacceptable juror.[2] This assignment of error is thereby without merit.

In his third assignment of error, appellant argues that the trial court improperly allowed the State to question appellant on cross examination concerning previous alcohol related driving offenses. We disagree. While appellant is correct that a conviction for driving under the influence is not one of the offenses which may be used for general impeachment purposes under 12 O.S.1981, § 2609,[3] the conviction may be used in this situation to show the truthfullness of the witness (appellant). *See* 12 O.S.1981, § 2608(B)(1).[4]

In the instant case, appellant testified that he could not drink any amount of liquor due to a health problem. Appellant

2. THE COURT: ... The State's first.
MR. EARLEY: State would excuse Miss Egan.
MR. BRIGGS: Miss Pettit. Thank you, ma'am.
MR. EARLEY: State would excuse Mr. Singleton.
MR. BRIGGS: Mr. Caveny, thank you, sir.
MR. EARLEY: State would excuse Mr. Burges.
MR. BRIGGS: Judge, I want to keep them all. I believe I'll excuse Mr. Harold Whitener. (Tr–29)

3. 12 O.S.1981, 2609(A)(1–2) provides:
A. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime:
1. Involved dishonesty or false statement, regardless of the punishment; or

2. Was punishable by death or imprisonment in excess of one (1) year, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the detriment of the defendant.

4. 12 O.S.1981, § 2608(B)(1) provides:
B. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Section 609 of this Code, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness if they:
1. Concern his character for truthfullness or untruthfullness:
. . . . .

further stated that he could, however, drink a slight amount for weight stimulation purposes since he lost almost 100 pounds due to his surgery. Based on the appellant's testimony on direct examination, the prosecutor had reasonable cause to believe the appellant was not truthful, since, at the time of his arrest on the instant charge, the appellant's driver's license was under suspension for failure to submit to a chemical test. Therefore, this assignment is without merit.

Appellant also alleges reversible error in his second assignment of error based on the trial court's refusal to declare a mistrial when the bailiff, during jury deliberations, entered and remained in the jury room for two or three minutes and conversed with the jurors behind closed doors. Immediately upon being notified of the above incident, the trial court conducted an evidentiary hearing. Joyce Hooper, the trial court's bailiff, testified that she returned to the jury room to pass a note from the judge. Ms. Hooper stated that she went to the door of the jury room, opened it, and said "Knock, knock, I'm coming in"; whereupon she went in and gave the jury the answer from the judge and told them to save the paper. Ms. Hooper testified further that she closed the door and asked the jurors if they wanted any Cokes. After some discussion, she took their orders and left. Counsel for the State and for the appellant stipulated to the testimony of a witness, who corroborated Ms. Hooper's testimony as to the amount of time she had remained in the jury room behind closed doors.

This Court has long held that under circumstances where the sanctity of the jury room is violated by the bailiff, the State will bear the burden to demonstrate that the appellant was not prejudiced. *Scott v. State*, 448 P.2d 272 (Okl.Cr.1968). *See Sheker v. State*, 644 P.2d 560 (Okl.Cr. 1982); *Farrell v. State*, 512 P.2d 225 (Okl. Cr.1973); *Keahbone v. State*, 318 P.2d 894 (Ckl.Cr.1957). At the trial level, this burden must be met by proper testimony from both the offending individual, and after the reading of the verdict, from the individual jurors. *Green v. State*, 281 P.2d 200 (Okl. Cr.1955). The testimony of the offending individual alone is not enough to satisfy the State's burden to demonstrate the lack of prejudice. In the alternative, the State may meet its burden on appeal by showing on the record that there was no prejudice. *Wilson v. State*, 534 P.2d 1325 (Okl.Cr. 1975). If, upon examination of the record before this Court, this lack of prejudice is evident, then the State's burden to disprove prejudice against the accused is satisfied.

Having reviewed the record and transcript before this Court, we are of the opinion that there existed sufficient evidence to sustain a jury verdict of guilty for the offense of Driving Under the Influence of Alcohol. This assignment of error is therefore without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.