**Elmer Thomas HOOD, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant in Error.**

**No. A–13310.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1964.

See also 375 P.2d 163.

Don Anderson, Public Defender of Oklahoma County, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Elmer Thomas Hood, hereinafter referred to as Defendant, was sentenced by the City Police Court of the City of Oklahoma City, to pay fines totaling $44.00 for the offenses of Public Drunkenness and Escape From Jail, and being unable to pay said fines, was committed to the City Jail.

While being so confined, defendant escaped from the City Jail, and upon apprehension was charged in the District Court of Oklahoma County, Oklahoma under the provisions of Title 21 O.S.1961 § 435. He was tried by a Jury, found guilty, and received a sentence of Sixty Days (60) in the County Jail, and costs.

From this judgment and sentence a timely appeal was lodged in this Court.

The defendant's sole contention is that "escape from the city jail" is not punishable under the provisions of Title 21 O.S.1961 § 435, the same providing:

"Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

The question thus posed has never been squarely passed on in this jurisdiction. It is the defendant's contention that the statute, Supra, should be so construed as to apply only to those prisoners who are serving a term of imprisonment in any other than the penitentiary, and that a person sentenced to pay a fine, is not serving a (term). With this contention we do not agree. The statute refers only to confinement and would apply to any prisoner lawfully in custody, whether sentenced or awaiting trial, "who by force or fraud escapes therefrom".

The language " * * * is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year * * *", relates only to the punishment to be imposed for escape.

The language " * * * to commence from the expiration of the original term of his imprisonment." relates only to the time of commencement of the sentence if the prisoner is serving a term.

The time for the commencement of serving the Judgment and Sentence could here begin when the defendant paid the sum of $44.00 and was entitled to release, or when the prisoner (in lieu of paying the fines) was entitled to release after having served the necessary time to satisfy the fines imposed, as provided by law.

We therefore hold that a prisoner being held in lawful custody in the city jail, who by force or fraud escapes therefrom, may be

prosecuted under the provisions of Title 21 O.S.1961 § 435.

The Judgment and Sentence appealed from is accordingly

Affirmed.