Robert Aubrey LEWIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–781.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1978.

John T. Elliott, Public Defender, Garvin A. Isaacs, First Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles Helm, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

Robert Aubrey Lewis, hereinafter referred to as defendant, was convicted in the Oklahoma County District Court, Case No. CRF–76–4712, of the offense of Forgery in the Second Degree, After Former Conviction of a Felony, pursuant to 21 O.S.1971, § 1577. The jury fixed his punishment at twenty-seven (27) years in the State penitentiary.

On November 29, 1976, the place of business of Loyal W. Furry, an architect, was burglarized and a number of company checks were stolen therefrom. On that same date, Don Wood, a salesman at the Red Wing Shoe Store in Oklahoma City, received a Furry Associates check in the amount of $174.00 from a man he identified as the defendant. Mr. Furry testified that the signature on the check was not his. The check, offered in payment for merchandise, was made payable to a Charles W. Fillmore. Mr. Fillmore testified that the endorsement on the back of the check was not his and, also, that he had items of identification stolen in October of 1976.

The defendant, in his first assignment of error, alleges that the trial court abused its discretion by excusing a juror upon its own motion. After both the State and the defense had exercised all peremptory challenges, Marvin D. Johnson was called to the jury box as a potential juror. Upon questioning by the court and the District Attorney, it was determined that the juror had previously received a two year deferred sentence for possession of heroin. Upon learning this, the court excused the juror on its own motion.

It is well settled in Oklahoma that a defendant has no vested right to have a particular juror out of a panel. His right is that of objection rather than that of selection. And if the trial court is of the opinion that any juror is not fair or impartial or is for any reason unqualified, he may excuse the juror either upon challenge of one of the parties or upon his own motion without challenge. Whether or not a juror should be excused rests in the sound discretion of the trial court, and unless such discretion is abused there is no error. See, *Bickerstaff v. State*, Okl.Cr., 446 P.2d 73 (1968). A review of the transcript in the present case reveals that the trial judge did not abuse his discretion by excusing the juror for cause. The reasons for the exercise of such discretion were stated as follows:

> "[THE COURT]: The Court in the exercise of discretion, felt that the man should be excused for cause. And the Court did excuse the juror, Johnson, for the reason that he was hesitant in his answers, would not give a clear answer to any question, and then when he admitted that he'd been convicted of a heroin charge the Court felt that he was an unfit juror and therefore excused . . ."

Based on the foregoing, we are of the opinion that the trial judge did not abuse his discretion in excusing the juror. Therefore, we find the defendant's first assignment of error to be without merit.

The defendant, in his second assignment of error, alleges that he was prejudiced by the admission into evidence of a check which had been stamped "forgery." We agree that the stamp on the check violated the hearsay rule, because there was no showing that the bank stamped checks as such in the ordinary course of business. However, we are of the opinion that the defendant was not prejudiced thereby. The defendant, in support of this contention, relies on *Kilgore v. State*, 25 Okl.Cr. 69, 219 P. 160 (1923), where this Court held it was reversible error to admit a check stamped

"no account" because the check violated the hearsay rule in a prosecution for uttering a bogus check. In that case, the only evidence establishing that the defendant wrote the check with knowledge that he had no funds on deposit, was the check stamped "account closed." There was no testimony from any witness which would have tended to establish this essential element of the offense, other than the hearsay contained on the face of the check. This Court reversed the conviction because the State failed to make out a prima facie case, since the only evidence proving an essential element was inadmissible hearsay. The present case is distinguishable from *Kilgore* because there was independent evidence proving forgery other than the stamp on the check. Prior to admission into evidence of the check, there was the testimony of Mr. Furry that the check had been stolen from him and that the signature was not his or that of anyone authorized by him to sign such checks. This testimony alone tended to establish forgery prior to the admission of the hearsay statement. The admission of the check stamped "forgery" was merely repetitious of Mr. Furry's testimony and, as such, constitutes harmless error. See, *Hardesty v. State*, Okl.Cr., 555 P.2d 72 (1976).

In his last assignment of error the defendant contends that the sentence should be modified because the trial court instructed the jury on 21 O.S.Supp.1976 § 51(B), which was held unconstitutional for vagueness in *Thigpen v. State*, Okl.Cr., 571 P.2d 467 (1977).

An examination of the record reveals that the defendant is correct in his contention that an improper instruction was given. However, a further examination reveals that the court also instructed on 21 O.S. Supp.1976, § 51(A), which permits the jury to fix an indeterminate sentence for a person convicted of a second felony. The record also reveals that the defendant has six prior convictions for forgery in the second degree, two prior convictions for uttering a forged instrument, and one prior conviction for concealing stolen property, all of which were made known to the jury. Based on the foregoing, we are of the opinion that the erroneous instruction does not constitute grounds for modification of the sentence in light of the defendant's numerous prior convictions.

The judgment and sentence are *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.