**Larry Wayne FAILES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–191.**

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1979.

Peter M. Keltch, Cherokee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Larry Wayne Failes, hereinafter referred to as defendant, was charged in the District Court, Alfalfa County, Case No. CRF–75–19, with the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435, After Former Conviction of a Felony, pursuant to 21 O.S.1971, § 51. On September 20, 1977, the case was tried to a jury and the defendant was convicted as charged, being sentenced to eighteen (18) years in the State penitentiary. From judgment and sentence the defendant has perfected an appeal to this Court.

The defendant does not complain of the sufficiency of the evidence, and the undisputed facts are as follows. On August 10, 1975, a trooper of the Oklahoma Highway Patrol placed the defendant under arrest for possession of a controlled and dangerous drug with the intent to distribute. The trooper subsequently received permission from the defendant to search his vehicle, whereupon he found a checkbook which did not belong to the defendant, a Physicians' Desk Reference, a display case, and an assortment of drugs used in treating animals. The defendant was forthwith placed in the Garfield County jail. The following day the Undersheriff of Alfalfa County, who was investigating a burglary of the Alfalfa Veterinarian Clinic on August 6, 1975, interviewed the defendant concerning stolen items found in the defendant's possession. The undersheriff advised the defendant of his constitutional rights and obtained a voluntary statement from the defendant, who thereafter admitted entering the Alfalfa Veterinarian Clinic at approximately 1:00 a. m. and taking a television, a checkbook, some motor oil, $50.00 in cash, and ten bottles of liquid medicine. He admitted having sold the television in Oklahoma City.

The undersheriff subsequently contacted Dr. Doutey, owner of the clinic, who identified the items found in defendant's possession as those stolen from his clinic on August 6, 1975. Shortly thereafter on August 14, 1975, the defendant failed to appear at a court appearance, and his bond was forfeited.

The defendant was arrested once again over a year later, on December 13, 1976, and placed in the Alfalfa County jail. He appeared for preliminary hearing on January 25 and for arraignment on February 10, 1977, at which time he entered a plea of not guilty. Thereafter, nothing occurred until August 8, 1977, when the defendant filed a motion to dismiss the charge on the ground that he had been denied a speedy and fair trial. The motion to dismiss was heard on September 1, 1977, and overruled. The defendant was tried by a jury on September 20, 1977, at which time the defense waived its opening statement and rested without presenting any evidence.

The defendant asserts in his first assignment of error that the trial court erred in failing to dismiss the charge on the grounds that he was denied his right to a speedy and fair trial under Art. 2, Section 20 of the Oklahoma Constitution and 22 O.S.1971, § 812.

 In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court listed four factors which should be considered in deciding a speedy trial issue. These factors are: (a) the length of the delay; (b) the reason therefor; (c) the defendant's assertion of his rights; and (d) whether the defendant has been prejudiced by the delay. These factors have been adopted and followed by this Court in *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975), and in subsequent cases involving this issue. At the February 10, 1977, appearance in the Alfalfa County District Court, the defendant was advised of the tentative September trial date which was during the next felony jury docket. The defendant made no request for an earlier trial date and refused the State's offer to transfer the trial to Alva in Woods County. Although the delay here was considerable, in view of the reason therefor, the absence of demand, and the absence of prejudice to the accused, we hold that the defendant was not deprived of a speedy trial and that this assignment of error is without merit. The cases relied upon by the defendant are either readily distinguishable or not on point.

 The defendant's second assignment of error is that the sentence rendered was excessive and should be modified. This Court has repeatedly stated that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977). Considering the evidence of the defendant's guilt and the fact that the sentence imposed was well within the statutory limits, we cannot conscientiously say that the sentence assessed shocks the conscience of this Court.

The judgment and sentence is, accordingly, AFFIRMED.

CORNISH, P. J., concurs in results.

BRETT, J., concurs.