**Larry Wayne FAILES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–190.**

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1979.

Peter Keltch, Cherokee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Larry Wayne Failes, hereinafter referred to as defendant, was charged in the District Court, Alfalfa County Case No. CRF–75–18, with the offense of Burglary in the Second Degree in violation of 21 O.S.1971, § 1435, After Former Conviction of a Felony, pursuant to 21 O.S.1971, § 51. On December 20, 1977, the defendant, having waived trial by a jury, was tried by the court and convicted as charged, being sentenced to ten (10) years in the State penitentiary. From judgment and sentence the defendant has perfected an appeal to this Court.

The defendant does not complain of the sufficiency of the evidence, and the undisputed facts are as follows. On August 10, 1975, a trooper with the Oklahoma Highway Patrol placed the defendant under arrest for possession of a controlled and dangerous drug with the intent to distribute. The trooper subsequently received permission from the defendant to search his vehicle, whereupon he found a checkbook belonging to another person, a Physicians' Desk Reference, a display case, and an assortment of drugs used in treating animals. The defendant was forthwith placed in the

Garfield County jail. The following day the Undersheriff of Alfalfa County, who was investigating the burglary of two veterinarian clinics in Alfalfa County on August 6, 1975, interviewed the defendant concerning stolen items found in defendant's possession. The undersheriff advised the defendant of his constitutional rights and obtained a voluntary statement from the defendant, who thereafter admitted entering the Benson Clinic and taking some syringes, two books, some liquid medicine, and a display case. Shortly thereafter on August 14, 1975, the defendant failed to appear at a court appearance, and forfeited bond.

Defendant was arrested once again over a year later, on December 13, 1976, and placed in the Alfalfa County jail. He appeared for preliminary hearing on January 25 and for arraignment on February 10, 1977, at which time he entered a plea of not guilty. Thereafter, nothing occurred until August 8, 1977, when the defendant filed a motion to dismiss the charge on the ground that he had been denied a speedy and fair trial. The motion to dismiss was heard on September 1, 1977, and overruled. The defendant was tried by the court on December 20, 1977. The parties stipulated that the building owned by Dr. C. L. Benson, known as the Benson Clinic, was broken into on or about August 6, 1975; that the break-in of said building occurred without the consent of Dr. Benson; and that there was personal property in the building at the time of the break-in, and that a portion of that personal property was removed therefrom. It was further stipulated that if Dr. Benson were called to testify he would testify that the items found in defendant's possession by the Oklahoma Highway Patrol Trooper were those items which were removed in the burglary of his clinic. The parties also agreed to the submission of the defendant's voluntary statement. At the conclusion of the State's case, the defense rested without presenting any evidence.

Two assignments of error are raised in this appeal. First, is that the trial court erred in failing to dismiss the charge

on the ground that the defendant was denied his right to a speedy and fair trial under Art. 2, Section 20 of the Oklahoma Constitution and 22 O.S.1971, § 813. Second, that the sentence rendered was excessive and should be modified. The issues raised in this case are identical with those presented in an appeal by this defendant of a judgment and sentence rendered by the same court in Case No. CRF–75–19, numbered on appeal as F–78–191. The opinion of this Court in *Failes v. State,* Okl.Cr., 589 P.2d 1080, is determinative of the issues in this case.

The judgment and sentence is, accordingly, AFFIRMED.

CORNISH, P. J., concurs in results.

BRETT, J., concurs.