**Ernie SMITH a/k/a Ernest Eugene Smith, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–80–95.**

Court of Criminal Appeals of Oklahoma.

April 13, 1981.

---

George Van Wagner, Clarke & Van Wagner, Inc., Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The pivotal issue in this appeal is whether the appellant was properly charged and convicted with the crime of Escape from County Jail under 21 O.S.1971, § 435, rather than under 21 O.S.Supp.1976, § 443.

While in the Pottawatomie County jail awaiting transportation to the Department of Corrections facility at Lexington, Oklahoma, in accordance with a twenty (20) year sentence for Grand Larceny, A.F.C.F., the appellant escaped. He was later apprehended and convicted on the escape charge to serve twenty (20) years in the state penitentiary pursuant to the habitual criminal statute in Case No. CRF–79–105.

The appellant was charged and the jury instructed under 21 O.S.1971, § 435, which reads:

Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment. R.L.1910, § 2199.

It is now argued that this was error and that the proper charge should have been under 21 O.S.Supp.1976, § 443, which provides:

Any person having been imprisoned awaiting charges or prisoner awaiting trial or having been sentenced to confinement with the Department of Corrections who escapes from such confinement, either while actually confined therein, or while permitted to be at large as a trusty, or while awaiting transportation thereto, is punishable by imprisonment for a term of not less than one (1) year nor more than seven (7) years, however, an escape by an inmate confined in any institution or facility operated by the Department of Corrections shall be punishable by imprisonment of not less than two (2) years nor more than seven (7) years.

Amended by Laws 1974, c. 285, § 15, emerg. eff. May 29, 1974; Laws 1976, c. 175, § 1, emerg. eff. May 31, 1976.

The State responds that the appellant could have been charged under either stat-

ute, as the material elements are similar, and that the appellant has failed to show any prejudice as a result of the prosecutor's selection of § 435, supra, as the chargeable offense.

■ Similar circumstances existed in *Jones v. State*, 507 P.2d 1267 (Okl.Cr.1973). There the defendants were charged under the general statute of Grand Larceny, 21 O.S. § 1704, rather than the special statute, Larceny From a Retailer, 21 O.S. § 1731. This Court said that where a special statute covers a crime specifically it should be used rather than a general statute and cited 22 O.S.1971, § 410:

> No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

R.L.1910, § 5747.

Considering that statute and the fact that the defendants received a less severe punishment under the general statute, this Court did not find reversible error. Applying the reasoning in *Jones v. State*, supra, to the facts here, we find no basis to reverse the appellant's conviction.

■ However, a thorough examination of the two statutes before us reveals that the subject matter of the crime in each statute is identical, with § 443 covering the whole subject matter of § 435, but with different penalties imposed. In reviewing the common law rules of statutory construction, we find it is well settled that where there is an irreconcilable conflict between a new provision and a prior statute relating to the same subject, the new statute will control, as it is the later expression of the legislature. See *Bynum v. State*, 490 P.2d 531 (Okl.Cr.1971); *Atchley v. State*, 473 P.2d 286 (Okl.Cr.1970); and Sutherland Statutory Construction (4th Ed.), Vol. 2A, § 51.02.

■ Further, we said in the Fifth and Sixth Syllabi of *Ritchie v. Raines*, 374 P.2d 772 (Okl.Cr.1962):

5. Repeal by implication exists in two classes of cases: First, when the later statute covers the whole subject-matter of the earlier, especially when additional remedies are imposed; and, second, when the later is repugnant to or inconsistent with the earlier.

6. To effect a repeal by implication, the later must be so broad in its scope and so clear and explicit in its terms as to show that it was intended to cover the whole subject-matter, and displace the prior statute, or the two must be so plainly repugnant and inconsistent that they cannot stand together.

We find these rules directly applicable to the present statutes, and, therefore, must conclude that § 435, supra, is necessarily repealed by implication. This holding, however, is prospective only.

The appellant next maintains that his twenty (20) year sentence should be vacated because the trial court improperly instructed on "after former conviction of a felony," as prescribed under the habitual criminal statute, 21 O.S.Supp.1978, § 51(B). In support of this position the appellant relies on *Herrod v. State*, 512 P.2d 1401 (Okl.Cr.1973) and *Chester v. State*, 485 P.2d 1065 (Okl.Cr. 1971), which expressly held it improper to charge "after former conviction of a felony" under the habitual criminal statute when charging an accused with the crime of escape from the penitentiary as provided in 21 O.S.1971, § 443.

The language of § 443 at the time of *Chester* and *Herrod*, supra, necessarily presumed that one incarcerated in a penal institution had been convicted of a felony. However, § 443 was subsequently amended in 1976 and expanded to include circumstances which do not presume a former felony, such as awaiting trial or awaiting charges. Arguably then there is not an automatic presumption of a felony under § 443 today.

■ Although section 435, escape from other prison, has been used in cases of es-

cape from the city jail, *Hood v. State*, 395 P.2d 348 (Okl.Cr.1964), and escape while being held on an extradition warrant, *Brown v. State*, 449 P.2d 274 (Okl.Cr.1968), neither of which imply a prior felony conviction, we find that the crime of escape from other prison does assume the former conviction of a felony. The reason for this is because a person who is convicted of escape from a jail where he is imprisoned pursuant to a sentence of imprisonment or pending trial is guilty of breaking jail in violation of 57 O.S.1971, § 56. Therefore, it is improper to charge a person with a violation of 21 O.S.1971, § 435, after former conviction of a felony. We accordingly grant the appellant relief and modify his sentence to two (2) years in the state penitentiary.

Presented as the final allegation of error is the prejudicial effect resulting from the appellant's courtroom appearance in prison clothes. His clothing consisted of a white shirt and white pants. There were no markings to indicate this was prison dress. We find *Claunch v. State*, 501 P.2d 850 (Okl.Cr.1972) dispositive of this issue. In that case we found no prejudice to a defendant wearing tan khaki clothes without prison mark or identification.

For the above and foregoing reasons the judgment and sentence is AFFIRMED AS MODIFIED.

BRETT, P. J., concurs.

BUSSEY, J., concurs in result.