**Galen Rodney WOOTEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–82–768.

Court of Criminal Appeals of Oklahoma.

June 19, 1985.

Rehearing Denied July 23, 1985.

Mark Barrett, Asst. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

On appeal from his conviction of Bringing Alcoholic Beverages Into a Penal Insti-

tution, After Former Conviction of a Felony, Case No. CRF–82–768, and sentence of ten (10) years imprisonment from the District Court of Muskogee County, Oklahoma, the appellant, Galen Rodney Wooten, raises six assignments of error. The facts of the case are as follows:

Appellant was an inmate at the Jess Dunn Correctional Center at Taft, Oklahoma. Appellant and a number of other inmates were taken on a field trip to Tahlequah, where they were unsupervised for one and one-quarter to one and one-half hours. Upon returning to Jess Dunn, the inmates were searched, and appellant was seen placing a pint bottle of whiskey into his boot.

At trial, appellant waived a bifurcated proceeding, and the jury was presented with two former felony convictions. Nonetheless, the jury returned a verdict of guilty on only one former felony.

■ Appellant's first and fifth assignments of error—that the judgment and sentence is unconstitutional, and that a former felony conviction is implicit in the crime charged—are both based on flawed analogies to 21 O.S.1981, § 443, Escape from Penal Institution. It is clear that, at least in most instances, a former felony conviction is implicit in the escape statute, and therefore, AFCF enhancement is inappropriate. *Smith v. State*, 626 P.2d 1357 (Okl. Cr.1981). However, the statute under which appellant was convicted, 57 O.S.1981, § 21, does not at all imply a former felony conviction. It provides:

"Any person who, without authority brings into or has in his possession in any State Penal Institution or other place where prisoners are located, any narcotic drug or any dangerous drug whatsoever, including amphetamines, sleeping potions, barbituates or derivatives thereof, or any alcoholic beverages, or money, shall be guilty of a felony . . ."

In addition to inmates, this statute would also include prison employees and guards, visitors, suppliers, etc. Therefore, AFCF

enhancement of 57 O.S.1981, § 21 punishment is not *per se* impermissible.

■ In his second assignment of error, appellant contends that 21 O.S.1981, § 11 precludes AFCF enhancement of this offense. That statute provides that when an act or omission is made a crime and punishable under one of the specific statutory sections *and* under the general criminal section, i.e. Title 21, the specific shall control the general. But, the second sentence of 21 O.S.1981, § 11 specifically permits AFCF enhancement under 21 O.S.1981, § 51; therefore, this assignment of error is without merit.

■ Appellant's third assignment of error alleges that the trial judge misunderstood the law in regard to whether appellant's sentence should run concurrently or consecutively with the sentence then being served. We do not agree.

The trial judge stated:

". . . the way I understand it is unless this is within a close period of time, the only thing that I do is sentence him and then it is up to the Department of Corrections, they may want to run it concurrent, I don't care. I don't have any authority because it is far removed in time."

(Transcript page 75).

Appellant asserts that 21 O.S.1981, § 61.-1, enacted in 1979 to replace 21 O.S.1971, § 61, now permits the concurrent sentencing he requests. However, the new statute deals primarily with the administrative function of determining the order in which multiple sentences will be served; it does not alter the long-standing rule regarding trial judges' authority to make sentences concurrent. In *In re Flowers*, 71 Okl.Cr. 330, 111 P.2d 509, 512 (1941), we held that judges may order sentences for two convictions to run concurrently only when sentence has not been passed on either. Since that is not the case here, the trial court's statement of its authority was correct.[1] See also 22 O.S.1981, § 976.

1. The judge was incorrect in his statement of    the Department of Corrections' authority. 21

Appellant's fourth assignment argues that it was error to permit the prosecutor to cross-examine appellant about a former felony conviction not enumerated in the information, without demonstrating the conviction was constitutionally proper. Even if such cross-examination was erroneous, we cannot say appellant was prejudiced thereby. The jury failed to find appellant guilty of both of the former felony convictions that were properly before them, so it is apparent they were not influenced by a third.

Finally, in appellant's sixth assignment of error, he claims his sentence is excessive and should, therefore, be modified. We have long held the test for excessive sentences is whether it "shocks the conscience" of the court. See e.g. *Failes v. State*, 589 P.2d 1080 (Okl.Cr.1979).

In the present case, in light of the relatively minor nature of the offense, and the other factors mitigating the need for criminal punishment,[2] we are compelled to find that a ten year sentence does indeed shock our conscience.

Accordingly, we find that appellant's sentence should be MODIFIED to three (3) years imprisonment, to run consecutively with any sentences now being served. We also note that the trial court failed to include in its formal judgment and sentence the jury's finding of After Former Conviction of a Felony. We, therefore, MODIFY the judgment and sentence to accurately reflect the jury's verdict. Accordingly, for the foregoing reasons, as modified, judgment and sentence is AFFIRMED.

BUSSEY, P.J., concurs in results.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge, concurring in part and dissenting in part:

I concur that the conviction in this case must be affirmed. However, I respectfully dissent to modification of the punishment assessed by the jury. In my view, the sentence was not excessive, was not the product of passion or prejudice, and certainly was not outside the range of punishment provided by law.

I further note that I can find no basis for the facts alleged in n. 2 of the majority's opinion.

O.S.1981, § 61.1 does not give the Department the discretion described.

2. Appellant was already being punished administratively within the corrections system; he had a trouble-free prison history; other inmates were found with alcohol at the same time as appellant, but were not prosecuted, thus leading to the conclusion appellant was "being made an example of."