**Randall Eugene WOOTEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–30.**

Court of Criminal Appeals of Oklahoma.

Feb. 4, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Randall Eugene Wooten, was convicted of two counts of Shooting with Intent to Kill, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CRF–82–4437, was sentenced to ninety-nine (99) years' imprisonment on each of the two counts to run consecutively. From his respective judgments and sentences, he appeals.

Briefly stated, on November 24, 1982, at about 7:50 p.m., Officer Michael Whitlow and his partner, Officer Donald Wright, both of the Tulsa Police Department, were patrolling the city streets when they decided to follow the appellant's car after he ran a stop light at the intersection of Pine and Yale. After observing the appellant swerve between the curb and the dividing lines, the officers attempted to stop the appellant; a ten block chase ensued, which finally ended when the appellant's car spun out of control and skidded into a yard. Officer Whitlow testified that he got out of his patrol car and began walking toward the appellant's car, that he was about five to seven feet from the driver's side of the car when its door flew open and the appellant pointed his .38 revolver directly at the officer and fired several shots. Officer Whitlow immediately jumped back behind the vehicle and fell to the ground for protection; as he lay there, the appellant got out of his car and shot at the officer about four or five more times. Then the appellant turned towards the police unit, aimed

at the other police officer, Donald Wright, and shot at him twice. Both officers then returned fire and the appellant fell, having been wounded four times. The revolver was confiscated, the appellant was taken to the hospital and subsequently arrested.

## I

■ In his first assignment of error, appellant argues that the prosecutor, during closing arguments, improperly referred to the appellant's eight prior felony convictions, which had been introduced by stipulation, because the reference was merely an effort to imply appellant's general "bad character" and because it was intended as evidence of his guilt on the charge being tried.[1] Initially, we note that no objection to the complained of reference was made at trial; failure to object waives any error and it is not properly preserved for review by this Court, see, *Tucker v. State*, 620 P.2d 1314, 1317 (Okl.Cr.1980). Further, no citations to authority appear in appellant's brief on this issue. We have consistently held that where it is apparent there is no fundamental error, this Court will not consider assertions of error when they are not supported by citations of authority. *Davis v. State*, 647 P.2d 450 (Okl.Cr.1982). Moreover, the record reveals that the appellant waived his right to a bifurcated trial and agreed that the State could, during its case-in-chief, offer into evidence all of the appellant's prior convictions. Therefore, in our opinion, the prosecutor was merely commenting on the evidence and was within the liberal bounds of freedom of speech

allowed to each party in closing arguments. See, *Langdell v. State*, 657 P.2d 162 (Okl. Cr.1982); and *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980). Accordingly, this assignment of error is without merit.

## II

■ In his final assignment of error, appellant contends that the sentence imposed is excessive. We find this assignment of error meritless. The question of excessiveness of punishment is to be determined by the facts and circumstances of each case, and unless the sentence is so excessive that it shocks the conscience of the Court we will not modify a sentence. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr. 1980); *Failes v. State*, 589 P.2d 1080 (Okl. Cr.1979). Considering the nature of the offense, the overwhelming evidence of appellant's guilt, his eight prior felony convictions, and that the sentence imposed was within statutory limits, we cannot find that the punishment imposed is so excessive as to shock the conscience of this Court.

For the above reasons, the judgments and sentences are **AFFIRMED.**

PARKS, P.J., and BRETT, J., concur.

1. The prosecutor's comment or reference to the appellant's prior convictions, in pertinent part, was as follows:

There is no evidence as to what the motivation was. You can see from the other evidence the State offered into evidence, Judgments and Sentences, Ladies and Gentlemen, official court documents. The State hopes to prove with these that you can find that this Defendant has been convicted eight times prior to this of felonies. I don't know—I don't think you can conclude what his motivation for doing this was from the evidence, but you can conclude from the evidence that this man had seen the police before, if you believe the State's evidence.