**Allen R. DIXON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–443.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Allen R. Dixon, was convicted of the crime of Assault with a Dangerous Weapon in the District Court of Cotton County in Case No. CRF–83–31 and

was sentenced to ten (10) years imprisonment, and he appeals.

Briefly stated the facts are that on July 16, 1983, the manager of a store in Temple, Oklahoma was accosted at gunpoint by the appellant after he had closed the store and exited the store's rear door. The manager recognized the appellant, a previous employee who the manager had recently dismissed. The appellant told the manager that he wanted the money in the store and that he had better do as he was told or he would "blow his ... head off." After some discussion between the two men, the manager overpowered the appellant; however, during the struggle, appellant fired the gun at the manager but the bullet did not hit him. After a brief altercation, the manager was able to gain control of the gun, and he directed the appellant into the back of the store. Subsequently, after the police were summoned, two police officers arrived, and the appellant was arrested.

As his first assignment of error, the appellant contends that the trial court improperly excluded certain testimony which prejudiced his case. He argues that certain key testimony was excluded by the trial judge which went to the credibility of the prosecution's key witness, Glen Good. The following testimony was excluded by the trial court:

Q. Mr. Mills, were you asked to testify in this case on behalf of the defendant, Mr. Dixon?

A. Yes, sir.

Q. I see, and as a result of the request made of you to testify did you exhibit some fear in testifying in this case?

A. Yes.

Q. What was that fear?

MR. BRINKLEY: Objection, Your Honor; irrelevant.

THE COURT: Sustained. (Tr. 83)

Q. Okay, Mr. Mills, on your testimony today were you afraid Mr. Good would start stories about you if you were to testify to the truth today?

MR. BRINKLEY: Objection, Your Honor, irrelevant.

THE COURT: Sustained and speculative. (Tr. 84).

■ It is the general rule that relevancy and materiality are matters within the sound discretion of the trial court. *Noah v. State*, 562 P.2d 950 (Okl.Cr.1977). We are of the opinion that the trial court did not abuse its discretion in holding that the excluded testimony concerning the witness' feelings about trial testimony was irrelevant and speculative. This assignment lacks merit.

■ In his next three assignments of error, the appellant alleges that he was denied a fair trial because of the confusing nature of instruction number sixteen (16), the failure of the trial court to instruct on lesser included offenses, and the failure to instruct on character evidence. A review of the record indicates that appellant did not preserve these assignments for appellate review. The appellant did not object to the instructions and failed to submit instructions concerning the points of law in question. We have consistently held that where a defendant fails to object to instructions given and does not submit requested instructions, and where the instructions given adequately covered the subject matter of inquiry, any error was waived. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). Since the instructions given generally cover the subject matter of inquiry, we find these assignments are without merit.

In his final assignment of error, the appellant argues that the cumulative effect of the errors necessitates that this case be remanded for a new trial. However, since we have found all of the assignments to be without merit, this assignment is likewise without merit. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984).

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.