**Melvin Eugene SIMPSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–90–438.**

Court of Criminal Appeals of Oklahoma.

March 2, 1992.

Carolyn L. Merritt, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma, and Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Vice Presiding Judge:

Appellant Melvin Eugene Simpson was tried by jury and convicted of Second Degree Attempted Burglary, After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, § 1435 and 21 O.S.Supp.1988, § 51, in Case No. CRF–89–3123 in the District Court of Oklahoma County. The jury recommended punishment of twenty-five (25) years imprisonment and the trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

On June 6, 1989, Betty Bondy arrived home to find the Appellant on the front porch of the house next door. Not recognizing him as a friend of the homeowner, her niece Anna Campbell, Ms. Bondy watched Appellant. She observed him open the front screen door and push on the wooden door with his shoulder. Ms. Bondy left to phone police, returning to find Appellant standing behind a tree. After a few minutes Appellant walked away, looking over his shoulder at Ms. Bondy. Ms. Bondy subsequently observed that a window screen on the house had been bent and shoe prints, similar to the tennis shoes worn by the Appellant, had been left underneath the window.

Appellant was arrested a short time later in the vicinity. He admitted to being at the Campbell house but merely stated that he had found a screwdriver on the ground and had used it to pry open the window.

Appellant contends in his first assignment of error that the trial court erred in instructing the jury on the range of punishment for an attempted crime, after conviction of two or more felonies. The State correctly points out that Appellant failed to object to the instructions as given and failed to offer any alternative instructions. It is well established that it is the responsibility of the defense to object to instructions given and to submit written requested instructions to the trial court. The failure to do so waives any alleged error. *Dixon v. State*, 732 P.2d 4, 5 (Okl. Cr.1987). Reviewing only for fundamental error, we find the jury was properly instructed as to the applicable law.

Appellant was convicted of attempted burglary in the second degree, after former conviction of two or more felonies. The jury was instructed pursuant to the enhancement provisions of 21 O.S.Supp.1988, § 51(B), that punishment for committing the offense of attempted burglary, second degree, after former conviction of a felony, was imprisonment in the State Penitentiary for not more than ten (10) years and that punishment for the offense of attempted burglary, second degree, after former conviction of two or more felonies, is imprisonment in the State Penitentiary for not less than twenty (20) years. The jury was also informed that it could find that the State had not proved its case with regards to the former convictions and that Appellant could be sentenced as though this were his first offense. If so, the range of punishment was not to exceed three and one-half years imprisonment.

Appellant argues that these instructions, omitting any reference to 21 O.S.1981, § 42, that the punishment for attempted crimes is to be one-half of the maximum punishment for the same completed offense, failed to properly channel the jury's discretion in determining the appropriate punishment.

Section 42 specifically addresses the punishment range for attempted offenses. The section does not distinguish between an attempted crime committed as a first offense and an attempted crime committed

as second or subsequent offense. Section 51 generally addresses the punishment for second and subsequent offenses.

 It is a general rule of statutory construction that when two statutes address the same subject matter, both provisions are to be given effect, if such effect would not defeat the intent of the Legislature. *State v. Smith*, 539 P.2d 754, 757 (Okl.Cr.1975), *Oklahoma Natural Gas Company v. State ex rel. Vassar*, 187 Okl. 164, 101 P.2d 793 (1940). Statutes are to be interpreted to produce a reasonable result and to promote, rather than to defeat, the general purpose and policy of the law. See *Owens v. State*, 665 P.2d 832, 834 (Okl.Cr.1983); *Phelps v. State*, 598 P.2d 254 (Okl.Cr.1979); *Escobedo v. State*, 545 P.2d 210 (Okl.Cr.1976).

When Sections 42 and 51 are read together, it is clear that a conviction for an attempted offense can be enhanced under Section 51. Although the language of Section 42 does not specifically limit it to first offenses, this interpretation is consistent with the Legislative intent in enacting enhancement provisions and providing means to increase the punishment for repeat offenders.

Further, 21 O.S.Supp.1987, § 11, provides in part that an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, *except that in cases specified in Sections 51 and 54 of this title, the punishments therein prescribed are substituted for those prescribed for a first offense.* (emphasis added)

Therefore, in determining the appropriate punishment for a second or subsequent conviction, whether the conviction was for a completed offense or an attempt to commit the offense, the jury is to be instructed as to the provisions of Section 51.

 When dealing with the range of punishment to be considered upon the conviction of an attempted crime enhanced pursuant to the provisions of 21 O.S.Supp. 1988, § 51, the trial court must pay particular attention to three specific statutes.

The trial court must first establish the range of punishment for the completed offense under the charged statute. Then, under Section 42, that sentence is essentially halved. The appropriate range of punishment is then determined under the provisions of Section 51.

 In the present case, the jury was properly instructed under the enhancement provisions of Section 51. It was not necessary to also inform the jury that the general rule for sentencing defendants convicted of an attempted offense was one-half of the punishment available for the completed offense. The trial court's responsibility is to instruct the jury as to the range of punishment they may consider under the law and facts of the case. It is not necessary for the trial court to explain the underlying legal basis for establishing that range of punishment. Finding no fundamental error, this assignment of error is denied.

In his second assignment of error, Appellant contends that the trial court erred in excusing prospective juror Graham for cause. During voir dire Mr. James Graham was called as a prospective juror. At the State's request, Mr. Graham was excused for cause by the court. Appellant objected and requested that a record be made as no court reporter was present.

The record prepared by the court showed that prospective juror Graham had five separate felony charges filed against him. Four of the charges had been subsequently dismissed and the fifth carried a one year deferred sentence. Attempting to reconstruct the voir dire examination, it was established that Mr. Graham had indicated that he would prefer not to be on the jury, stating that he would "really hate to try anyone". In response to questioning by the State Mr. Graham explained that "I know its got to be done but I have been on the other side." "And I know how it feels." He admitted to the prosecutor that it was a "personal feeling".

Mr. Graham was asked by the court, if he thought that he "might have some prejudice having been on the other side?" He responded, "Yes sir, I think I would."

Upon further examination by defense counsel Mr. Graham stated that he thought he could perform his civic duty as a juror and listen to the evidence fairly, listen to the judge and accept the law as given by the judge without reservation.

The court then excused the juror based upon the "totality of the circumstances." (Tr. 5–9)

■ It is well settled that a defendant has no vested right to have a particular juror out of a panel. His right is that of objection rather than that of selection. If the trial court is of the opinion that any juror is unqualified, he may excuse the juror upon challenge of one of the parties or upon his own motion without challenge. Whether or not a juror should be excused rests in the sound discretion of the trial court, and unless such discretion is abused, there is no error. *Bickerstaff v. State*, 446 P.2d 73, 77 (Okl.Cr.1968).

■ All doubts about jury impartiality in a criminal case must be resolved in favor of the accused. *Hawkins v. State*, 717 P.2d 1156, 1158 (Okl.Cr.1986). However, a juror who cannot impartially decide guilt violates his oath and this is a proper challenge for cause. *Dutton v. State*, 674 P.2d 1134, 1138 (Okl.Cr.1984).

The evidence as to Mr. Graham's ability to be an impartial juror is conflicting in the present case. On the one hand, Mr. Graham indicated that he would not be an impartial juror, that due to his experiences with the criminal justice system, he might be sympathetic toward the defendant. On the other hand, Mr. Graham stated that he thought he could perform his duty as a juror and listen to the evidence fairly.

In *Lewis v. State*, 586 P.2d 81, 82 (Okl. Cr.1978), the detailed findings of the trial court in excusing a potential juror for cause aided our resolution of the issue. The findings in the present case are neither so detailed nor so helpful.

In *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985), the United States Supreme Court addressed the excusal for cause of prospective jurors in a capital case because of views on capital punishment. The Court stated that the determination of a juror's bias cannot be reduced to a question and answer session. Despite the lack of clarity in the written record, the Court realized that there will be situations where the trial judge is left with the definite impression that a prospective juror would be unable to faithfully and impartially apply the law. Therefore, deference must be paid to the trial judge who sees and hears the jurors.

■ The trial court has a serious duty to determine the question of actual bias, and a broad discretion in its rulings on challenges. *Dennis v. United States*, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950). The determination of whether a venireman will be an impartial juror is influenced by many factors. We agree with the Supreme Court that situations will arise where the judge receives a definite impression of a potential juror which is not reflected in the record.

■ The present case is just such a case. Despite Mr. Graham's statement that he could perform his civic duty as a juror, the trial judge was left with the impression that Mr. Graham would not be an impartial juror. As support is found in the record for the court's decision, we find no abuse of discretion by the trial court in excusing Mr. Graham for cause.

■ Further, in order for this Court to reverse a conviction or modify a sentence Appellant must show that he was prejudiced by the court's decision. *Banks v. State*, 728 P.2d 497, 502 (Okl.Cr.1986); *Brown v. State*, 563 P.2d 1182 (Okl.Cr. 1977). Appellant has wholly failed to show how he was prejudiced by the exclusion of Mr. Graham from the jury. Accordingly, this assignment of error is denied.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to comment on appellant's first assignment of error. This Court addressed a substantially similar argument in *Wooten v. State*, 702 P.2d 59 (Okl.Cr.1985), wherein we stated:

In his second assignment of error, appellant contends that 21 O.S.1981, § 11 precludes AFCF enhancement of this offense [Bringing Alcoholic Beverages Into a Penal Institution, After Former Conviction of a Felony]. That statute provides that when an act or omission is made a crime and punishment under one of the specific statutory sections *and* under the general criminal section, i.e. Title 21, the specific shall control the general. But, the second sentence of 21 O.S.1981, § 11 specifically permits AFCF enhancement under 21 O.S.1981, § 51; therefore, this assignment of error is without merit.

*Id.* at 61 (emphasis in original). Although the instant case concerns an attempted crime, I find that *Wooten* is applicable. Pursuant to Section 11, Section 51 permits AFCF enhancement notwithstanding that the attempt statute, 21 O.S.1981, § 42, contains specific sentencing guidelines.